1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10    JAMES JOSEPH DURAN, JR.,

11                    Petitioner,                No. CIV-S-04-1875 RRB KJM P

12         vs.

13    JAMES POPE,

14                    Respondent.                FINDINGS AND RECOMMENDATIONS

15    _____/

16              Petitioner is a state prisoner proceeding pro se with an application for writ of

17    habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges the extension of a period of

18    probation occurring in 2001, and his counsel's failure to object to the extension.

19              Respondent asserts that petitioner's claim is "procedurally defaulted."  Answer,

20    Mem. P. & A. at 9-13.  The Supreme Court has found a district court may reach the merits of a

21    habeas petitioner's claim where, as here, the merits are "easily resolvable against the petitioner

22    whereas the procedural bar issue involve[s] complicated issues of state law."  Lambrix v.

23    Singletary, 520 U.S. 518, 525 (1997); see also Kuhali v. Reno, 266 F.3d 93, 101 (2nd Cir. 2001)

24    ("It is well-settled that the doctrine of procedural default is prudential rather than jurisdictional in

25    nature.  E.g., Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 170 (2d Cir.

26    2000) ('The doctrine of procedural default is based on considerations of comity and finality, and

1

not on a jurisdictional limitation of the power of a federal court . . . to look beyond a state procedural default and consider the merits of a defaulted claim . . .')").

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA"). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[1] Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2003) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by

---

[1] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

1    § 2254(d)).  It is the habeas petitioner's burden to show that he is not precluded from obtaining

2    relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

3              The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

4    different.  As the Supreme Court has explained:

5              A federal habeas court may issue the writ under the "contrary to"
               clause if the state court applies a rule different from the governing
6              law set forth in our cases, or if it decides a case differently than we
               have done on a set of materially indistinguishable facts.  The court
7              may grant relief under the "unreasonable application" clause if the
               state court correctly identifies the governing legal principle from
8              our decisions but unreasonably applies it to the facts of the
               particular case.  The focus of the latter inquiry is on whether the
9              state court's application of clearly established federal law is
               objectively unreasonable, and we stressed in Williams [v. Taylor,
10             529 U.S. 362 (2000)] that an unreasonable application is different
               from an incorrect one.

11

12   Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the

13   law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

14   fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8

15   (2002).

16             The court will look to the last reasoned state court decision in determining

17   whether the law applied to a particular claim by the state courts was contrary to the law set forth

18   in the cases of the United States Supreme Court or whether an unreasonable application of such

19   law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Here, it does not appear

20   from the record before this court that any California court issued a detailed decision concerning

21   petitioner's claim.  Where the state court fails to give any reasoning whatsoever in support of the

22   denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this

23   court must perform an "independent review of the record to ascertain whether the state court

24   decision was objectively unreasonable."  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

25   In other words, the court assumes the state court applied the correct law, and analyzes whether

26   the decision of the state court was based on an objectively unreasonable application of that law.

1      It is appropriate to look to lower federal court decisions to determine what law has

2  been "clearly established" by the Supreme Court and the reasonableness of a particular

3  application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 2000).

4      Petitioner pled guilty to spousal rape on October 2, 1998.  CT 119-122.  On

5  December 21, 1998, petitioner was sentenced to, among other things, three years probation.

6  RT 10:2-9.  On May 24, 2001, a petition for revocation of probation was filed in which the

7  probation officer alleged petitioner violated the terms of his probation by being under the

8  influence of alcohol and by operating a jet ski under the influence of alcohol.  CT 184-185.

9  Petitioner admitted these allegations on July 18, 2001.  CT 215.  On September 12, 2001,

10 petitioner was re-sentenced.  Among other things, his term of probation was extended three

11 years, through December 21, 2004.  RT 26:15-27:2.

12      Petitioner argues that counsel representing petitioner at the September 12, 2001

13 resentencing proceeding rendered ineffective assistance by not objecting to the extension of the

14 term of probation.  Am. Pet. at 5-6.  The Supreme Court has enunciated the standards for judging

15 ineffective assistance of counsel claims.  See Strickland v. Washington, 466 U.S. 668 (1984).

16 First, a defendant must show that, considering all the circumstances, counsel's performance fell

17 below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  To this end, the

18 defendant must identify the acts or omissions that are alleged not to have been the result of

19 reasonable professional judgment.  Id. at 690.  The court must then determine whether in light of

20 all the circumstances, the identified acts or omissions were outside the wide range of professional

21 competent assistance.  Id.  Second, a defendant must affirmatively prove prejudice.  Id. at 693.

22 Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional

23 errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable

24 probability is "a probability sufficient to undermine confidence in the outcome."  Id.; see also

25 United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985); United States v. Schaflander, 743

26 F.2d 714, 717-18 (9th Cir. 1984) (per curiam).

1    Petitioner fails to point to anything suggesting counsel's failure to object to the

2   extension of probation at the September 12, 2001 resentencing proceeding fell below an

3   objective standard of reasonableness.  As part of his argument, petitioner suggests that his

4   probation period was extended because he failed to complete a sex offender program he initially

5   was ordered to complete on probation, but later was told he did not have to complete by his

6   probation officer; nothing in the record suggests this is the case.  See RT 21-30.  Rather, analysis

7   of petitioner's claim appropriately focuses on the law applicable to his probation revocation

8   hearing.  Under California law, a court may revoke or modify a term of probation at any time

9   before the expiration of the term, following a noticed hearing.  Cal. Penal Code § 1203.3.  This

10  power to modify includes the power to extend a term of probation.  People v. Cookson, 54 Cal.3d

11  1091, 1095 (1991).  A change in circumstances is required before a court has jurisdiction to

12  extend probation.  Id.  A violation of the terms of probation can form the basis for extension of a

13  term of probation.  Id.

14    Petitioner admitted to violating the terms of his probation.  Therefore, an

15  extension of his term of probation was authorized under California law.  The transcript of the

16  September 12, 2001 resentencing hearing indicates the only options the court was considering

17  after petitioner's admission were either an extension of the term of probation or a prison sentence

18  of eight years. RT 26:9-27:2.  The Shasta County Probation Department recommended the three

19  year extension of petitioner's probation.  RT 26:15-24.  The prosecution asked that petitioner be

20  sentenced to prison.  RT 22:25-23:26.  Given these circumstances, nothing in the record suggests

21  petitioner's counsel was unreasonable in asking the court to follow the recommendation of the

22  probation department.  RT 25:12-16.

23    In any case, petitioner has not shown prejudice from counsel's actions.  Nothing

24  before the court indicates petitioner's period of probation would not have been extended

25  following petitioner's admission if counsel requested as much.  Rather, petitioner was sentenced

26  to a lighter sentence than was possible, and the lightest sentence the court was considering,

5

1    suggesting his counsel exercised appropriate judgment.

2            For these reasons, petitioner has not shown his rights under any federal law have

3    been violated.  The court will recommend that petitioner's application for writ of habeas corpus

4    be denied.

5            In accordance with the above, IT IS HEREBY RECOMMENDED that

6    petitioner's application for writ of habeas corpus be denied.

7            These findings and recommendations are submitted to the United States District

8    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

9    days after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12   shall be served and filed within ten days after service of the objections.  The parties are advised

13   that failure to file objections within the specified time may waive the right to appeal the District

14   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15   DATED:  September 4, 2007.

16

17                                         _____

18   1                                      U.S. MAGISTRATE JUDGE
     dura1875.157

19

20

21

22

23

24

25

26